IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MICHAEL B. BROWN, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:21-CV-162 (CDL) |
| COLUMBUS POLICE DEPARTMENT, *et al.*, | * |
| | * |
| Defendant. | |
| | * |

O R D E R

Pro se plaintiff Michael Brown filed this action asserting twenty counts against nearly three dozen defendants. Brown filed a complaint, plus at least six amended complaints/addenda to the complaints (ECF Nos. 1, 2, 8, 21, 77, 77-1, 78). Based on the Court's careful review of the filings, Brown alleges that he was injured in a bicycle accident on October 15, 2020 and received medical treatment, that his elderly mother was forcibly removed from her home around the same time and was sent to a hospital, and that his mother later died in April 2021. Brown brought claims against various police officers and medical providers. Twenty-three of the defendants filed motions to dismiss. As discussed below, their motions to dismiss are all granted. The following Defendants did not file motions to dismiss the claims against them: Columbus Consolidated Government, Columbus Police Department, Columbus Fire Department, Officer Robert Hooks, Officer Kertavious

Coppins, Officer Aaron Guillaume, Officer Rachel Blanks, Officer Seth Cole, and Kimberley Myhand. The claims against these Defendants remain pending.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL BACKGROUND

Brown's filings are short on specific facts but long on arguments that are difficult to understand because of the lack of factual context. Brown's "complaint" spans at least seven separate filings: the original complaint (ECF No. 1); the first amended

2

complaint (ECF No. 2), which appears substantively identical to the original complaint and raises no new counts; the second amended complaint (ECF No. 8), which contains the names of several new defendants, with no additional factual allegations; the third amended complaint (ECF No. 21), which contains the names of several new defendants, with no additional factual allegations; the fourth amended complaint, which was filed with leave of the Court (ECF No. 77); an attachment to the fourth amended complaint labeled summary conclusion (ECF No. 77-1); and the supplement to the fourth amended complaint (ECF No. 78).

The original complaint begins with a short, vague introduction and then launches into twenty "counts."  A careful review of the original complaint allows the reader to conclude that Brown is asserting claims against Columbus Consolidated Government and specified police officers based on injuries suffered by Britton.  Though the original complaint does not present the facts in a logical or clear manner, it is possible to tell that Brown alleges that specified officers went to Britton's house for a welfare check, that they forcibly removed Britton from her home, that Britton was injured, and that Britton later died of the injuries she sustained during the forcible removal.  These allegations arguably give rise to Fourth Amendment claims under 42 U.S.C. § 1983.  As Britton's child, Brown may pursue a wrongful death action based on Britton's death.  O.C.G.A. § 51-4-2(a).

3

The rest of the original complaint is much less clear, and the non-CCG Defendants filed motions to dismiss it, mainly because only a handful of the Defendants are even mentioned outside the caption of the original complaint. After several Defendants filed motions to dismiss Brown's original complaint (and the first three amendments), Brown sought and received leave to file a fourth amended complaint to clarify his claims. The Court advised Plaintiff that his "amended complaint should clearly and succinctly set forth the factual basis for his claims—including what happened, when it happened, where it happened, and which specific defendants did which acts." Order 1 (Jan. 26, 2022), ECF No. 66. The Court emphasized that the "amended complaint should comply with Federal Rule of Civil Procedure 8(a), which requires 'a short and plain statement of the claim showing that' Plaintiff 'is entitled to relief,' as well as 'a short and plain statement of the grounds for the court's jurisdiction' and 'a demand for the relief sought.'" *Id.* at 1. The Court also stated that the "amended complaint should comply with Federal Rule of Civil Procedure 10(a), which requires a party to state his claims 'in numbered paragraphs, each limited as far as practicable to a single set of circumstances' and states that if it would 'promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.'" *Id.* at 1-2. The Court warned that the amended complaint would be Brown's "last chance to

comply with the rules for pleading claims in a civil action" and that failure "to comply with these requirements will result in dismissal of [his] complaint." *Id.* at 2.

Brown filed his fourth amended complaint (ECF No. 77), the summary conclusion (ECF No. 77-1), and the supplement (ECF No. 78). Defendants were permitted to supplement their motions to dismiss to address the amendments, and they contend that the complaint as amended still fails to state a claim. The Court addresses each motion in turn.

As a preliminary matter, the Court notes that Brown's complaints/addenda appear to assert three basic claim categories: (1) claims based on allegedly tortious conduct directed at him, (2) a wrongful death claim based on the death of his mother, Clara Virginia Britton, and (3) a survival action for Britton's pre-death injuries. A survival action for Briton's pre-death pain and suffering, however, must be brought by a personal representative of Britton's estate. O.C.G.A. § 51-4-5(b); O.C.G.A. § 9-2-41. Brown initially asserted claims on behalf of Britton's estate, but he later filed an "amendment" dismissing claims he asserted on behalf of the estate (which the clerk docketed as a "motion" because it was combined with Brown's motion to perfect service on another defendant). *See* Mot. at 2, ECF No. 83. Thus, any claims that properly belong to the estate—including claims for Britton's

5

pre-death injuries that are not alleged to have resulted in her death—have been dismissed.

## DISCUSSION

**I.   The Medical Center's Motion to Dismiss (ECF Nos. 17, 33, 105)**

The Medical Center, Inc., identified in the complaints as Piedmont Hospital – Columbus Regional, filed a motion to dismiss the claims against it and several affiliated individual medical providers: Emily Blasingame, R.N., Devyn Sizemore, R.N., Charlette Seals, R.N., Jessica Carden, R.N., Meagan Mahoney, M.D., Sarah Crane Adams, M.D., and Richard Hannay, M.D.  The basis for the motions is that none of Brown's complaints sets forth any facts to support any claim against these defendants.

<u>Carden.</u>  Plaintiff's complaints only mention Carden in the caption.  There are no factual allegations about her at all—nothing about her alleged conduct or why it gives rise to a claim.  Accordingly, the complaint fails to state a claim against Carden, and the claims against her are dismissed.

<u>Adams.</u>  Adams is not mentioned outside the caption in any of the complaints, but she is mentioned in the "summary conclusion" attachment to the fourth amended complaint.  Brown alleges that Adams prescribed an enema for him to relieve a stool burden.  4th Am. Compl. Attach. 1 at 2, ECF No. 77-1.  There are no factual allegations to suggest that Adams breached the applicable standard

6

of care or standards regarding consent by prescribing this treatment. Accordingly, the claims against Adams are dismissed.

Blasingame. Outside of the caption, Blasingame is only mentioned in the fourth amended complaint and the "summary conclusion" attachment. Brown alleges that Blasingame was his primary nurse at some point and that she signed an "EMS report." 4th Am. Compl. ¶ 50, ECF No. 77. This allegation does not support any claim against Blasingame. Brown also alleges that Blasingame treated him with an enema to relieve a stool burden at the instruction of Adams. There are no factual allegations to suggest that Blasingame breached the applicable standard of care or standards regarding consent by providing this treatment. Accordingly, the claims against Blasingame are dismissed.

Seals. Seals is mentioned outside the caption only once, in the supplement to the fourth amended complaint. Brown alleges that Seals "potentially" treated Britton with an enema while she was in the hospital in December 2020. 4th Am. Compl. Suppl. at 3, ECF No. 78. There are no factual allegations to suggest that Seals breached the applicable standard of care by providing this treatment. Accordingly, the claims against Seals are dismissed.

Sizemore. Brown mentions Sizemore in the fourth amended complaint. He contends that hospital records show that Sizemore was in possession of Brown's keys at some point. Brown further alleges, "Keys are now missing." 4th Am. Compl. ¶ 42. There are

7

no other factual allegations about the keys, and Brown's bare factual allegations do not state a claim against Sizemore. The claim against Sizemore is dismissed.

Mahoney. Mahoney is mentioned in "Count 3" of Brown's original complaint, which is entitled "Fraud." Brown alleges that Mahoney noted which ambulance brought Brown to the hospital. Compl. at 4, ECF No. 1. There are no additional allegations that elucidate why this ambulance notation constitutes fraud. In his fourth amended complaint and the supplement, Brown alleges that his hospital records indicate a consult by Mahoney. 4th Am. Compl. ¶ 52. Brown also alleges that Mahoney did not know whether Brown had a suture. 4th Am. Compl. Suppl. ¶ 78. There are no additional allegations regarding Mahoney. At most, the complaints suggest that Mahoney was in the emergency room when Brown presented after his bicycle accident and possibly consulted in Brown's care, but these allegations do not support any claim against her. The claims against Mahoney are thus dismissed.

Hannay. Hannay is mentioned outside the caption in the fourth amended complaint: Hannay allegedly injected Brown with a serum. 4th Am. Compl. ¶¶ 47, 51. There are no factual allegations suggesting that the injection breached the applicable standard of care or standards regarding consent. Accordingly, the vague allegations about the injection do not support a claim against Hannay.

The Medical Center. The Medical Center (Piedmont) is mentioned several times in the original complaint. First, in Count 1, Brown alleges that he received treatment there, and he uses the term "medical malpractice." Compl. 2-3. There are no specific factual allegations about Brown's treatment—who had a provider-patient relationship with him or how any provider breached the standard of care and caused him injuries. Thus, Count 1 does not state a claim against the Medical Center for medical malpractice. *See Pham v. Black*, 820 S.E.2d 209, 212 (Ga. Ct. App. 2018) (noting that to establish a medical malpractice claim, a plaintiff must prove (1) a duty based on the doctor-patient relationship, (2) breach of that duty by failing to exercise the requisite degree of skill and care, and (3) that the breach proximately caused the plaintiff's injury).

Second, Count 6 asserts "theft of property" because Brown's keys went missing. Compl. 5. There are no factual allegations about the circumstances of the lost keys that suggest a basis for liability. Accordingly, Count 6 does not state a claim against the Medical Center. Third, Count 11 refers to a "[p]otential rape" of Britton by unnamed team members of the Medical Center, and Counts 15 and 18 refer to "kidnapping" and use of drugs on Britton at the hospital. *Id.* at 7-9. There are no specific factual allegations supporting these claims; the allegations do not allege who was involved or what happened. To the extent that Brown is

attempting to assert a battery or false imprisonment claim here, such claims are for Britton's pre-death injuries, and Brown has already recognized that he may not bring such claims because he is not the administrator of Britton's estate.  Accordingly, Counts 11, 15, and 18 against the Medical Center are dismissed.  There do not appear to be any other claims against the Medical Center.

In summary, the seven filings comprising the complaint do not sufficiently allege cognizable claims against the Medical Center, Blasingame, Sizemore, Seals, Carden, Mahoney, Adams, or Hannay.  Accordingly, the claims against them are dismissed.

## II. The Medical Providers' Motions to Dismiss (ECF Nos. 24, 30, 39, 48, 56, 98, 100, 101 & 106)

The following medical providers filed motions to dismiss Brown's claims against them: Regina Addo Chidi, M.D., Shivam Desai, M.D., Sunil Kumar, M.D., Charisse Logronio, M.D., Kennon McLendon, M.D., Benjamin Knepper, M.D., Neil Desai, M.D., Virendra Kumar, M.D., and Kelly Watson, P.A.  The basis for the motions is that none of Brown's complaints sets forth any plausible facts to support any claim against these defendants.

<u>Addo Chidi.</u>  In the supplement to the fourth amended complaint, Brown notes that Dr. R. Addo is identified in certain medical records.  4th Am. Compl. Suppl. ¶ 77.  This allegation does not support any claim against Addo Chidi, so the claims against her are dismissed.

<u>S. Desai</u>. Dr. Shivam Desai is mentioned in the fourth amended complaint and its supplement. Brown alleges that a Dr. Desai (it is not clear whether Brown means Dr. Neil Desai or Dr. Shivam Desai) asked Brown to permit his mother to remain at the rehabilitation hospital for another day. 4th Am. Compl. ¶ 61. Brown also alleges that S. Desai's name appears in a medical record. 4th Am. Compl. Suppl. ¶ 77. These allegations do not support a claim against S. Desai, so the claims against him are dismissed.

<u>S. Kumar.</u> Plaintiff's complaints only mention S. Kumar in the caption. There are no factual allegations about S. Kumar at all. Accordingly, the complaints fail to state a claim against S. Kumar, and the claims against S. Kumar are dismissed.

<u>Logronio.</u> Brown alleges that Logronio ordered a syphilis screen of Britton and that Logronio prescribed a drug to Britton. 4th Am. Compl. ¶¶ 30, 37. And in the supplement, Brown alleges that Logronio's name appears in medical records. 4th Am. Compl. Suppl. at 4. There are no other allegations about Logronio's treatment of Britton—nothing to suggest what she did, that her treatment breached the standard of care, or that her treatment of Britton caused any injuries. Brown's allegations do not state a claim against Logronio, so the claims against her are dismissed.

<u>McLendon</u>. Brown mentions McLendon in the fourth amended complaint. Brown alleges that McLendon's name appears on EMS

11

records and in medical records. 4th Am. Compl. ¶¶ 32, 58. The supplement references a suture performed by McLendon. 4th Am. Compl. Suppl. ¶ 78. These allegations do not support any claim against McLendon, so the claims against McLendon are dismissed.

Knepper. In the fourth amended complaint, Brown appears to contend that Knepper had a fiduciary duty to Britton. 4th Am. Compl. ¶ 16. Brown also alleges that Knepper did not inform Britton about certain diagnoses. *Id.* ¶¶ 34-36. There are no other allegations about Knepper's treatment of Britton—nothing to suggest what he did, that his treatment breached the standard of care, or that his treatment of Britton caused any injuries. Accordingly, Brown's allegations do not support any claim against Knepper, and the claims against him are dismissed.

N. Desai. Dr. Neil Desai is mentioned in the fourth amended complaint and its supplement. Brown alleges that a Dr. Desai (it is not clear whether Brown means Dr. Neil Desai or Dr. Shivam Desai) asked Brown to permit his mother to remain at the rehabilitation hospital for another day. 4th Am. Compl. ¶ 61. Brown also alleges that Neil Desai "has sent invoices." 4th Am. Compl. Suppl. ¶ 77. These allegations do not support any claim against N. Desai, so the claims against him are dismissed.

V. Kumar. In his supplement to the fourth amended complaint, Brown notes that Dr. V. Kumar is identified in certain medical records. 4th Am. Compl. Suppl. at 4. This allegation does not

12

support any claim against V. Kumar, so the claims against V. Kumar are dismissed.

<u>Watson</u>. Brown mentions Watson in the fourth amended complaint. Brown notes that Watson had access to Piedmont's records even though Brown believes that Watson was affiliated with a hospital other than the Medical Center. 4th Am. Compl. ¶ 52. Brown also alleges that Watson's name appears on EMS records. *Id.* ¶ 58. These allegations do not support any claim against Watson, so the claims against her are dismissed.

In summary, the complaints do not state a claim against the following Defendants, and they are dismissed: Addo Chidi, S. Desai, S. Kumar, Logronio, McLendon, Knepper, N. Desai, V. Kumar, and Watson.

**III. Regional Rehabilitation Hospital's Motion to Dismiss (ECF Nos. 20 & 104)**

Regional Rehabilitation Hospital asserts that Brown failed to state a claim against it. Brown identifies Regional Rehabilitation Hospital several times in the original complaint. Count 11 refers to a "[p]otential rape" of Britton by unnamed team members of the Rehabilitation Hospital, and Counts 15 and 18 refer to "kidnapping" and use of drugs on Britton at the hospital. Compl. at 7-9. There are no specifics about these claims—who was involved or what happened. To the extent that Brown is attempting to assert a battery or false imprisonment claim here, such claims are for

13

Britton's pre-death injuries, and Brown has already recognized that he may not bring such claims because he is not the administrator of Britton's estate. Accordingly, Counts 11, 15, and 18 against Regional Rehabilitation Hospital are dismissed.

In the fourth amended complaint, Brown alleges that Britton spent approximately two weeks at Regional Rehabilitation Hospital in October 2020, that her physical condition worsened, and that Brown was not permitted in-person visits (presumably due to COVID-19 protocols given the timing). 4th Am. Compl. ¶ 61. There are no other allegations—nothing that gives rise to a claim against Regional Rehabilitation Hospital. Accordingly, Brown's claims against Regional Rehabilitation Hospital are dismissed.

**IV. Pop-A-Lock's Motion to Dismiss (ECF Nos. 63 & 102)**

In its motion to dismiss, Pop-A-Lock points out that the correct entity is "Lock Busters of Southwest Florida, Inc." and that this entity has not been properly served. Pop-A-Lock also argues that Brown does not state a claim against it.

In the original complaint, Brown alleges that two Columbus police officers called Pop-A-Lock to access Britton's home. Compl. at 6. In the fourth amended complaint, Brown asserts that someone from the Medical Center paid Pop-A-Lock to provide keys to Brown. 4th Am. Compl. ¶ 60. As Pop-A-Lock notes, there is no allegation that Pop-A-Lock did anything wrong under the circumstances alleged in the complaint. The Court cannot conclude that Brown's

14

allegations would support a plausible claim against Pop-A-Lock, so the claims against Pop-A-Lock are dismissed. Brown's motion to serve the correct entity (ECF No. 83) is moot.

**V.    EMS Care's Motion to Dismiss (ECF Nos. 65 & 103)**

EMS Care Ambulance, LLC and two of its employees, Marc Dade and Isaac Waters, assert that Brown fails to state a claim against them. In the fourth amended complaint, Brown contends that Marc Dade signed an "EMS report," and in the supplement Brown suggests that the report somehow amounted to fraud. 4th Am. Compl. ¶ 50; 4th Am. Compl. Suppl. at 4. There are no factual allegations about the EMS report, whether it contained a misrepresentation, whether Dade knew about the misrepresentation, or whether anyone relied on the EMS report. Accordingly, Brown's filings do not state a fraud claim against Dade, and he is dismissed.

Isaac Waters is mentioned in the supplement to the fourth amended complaint: Brown alleges that Waters was the ambulance driver when Britton was removed from her home. There are no specific allegations about what Waters did, but to the extent that Brown is attempting to assert a battery claim, such a claim is for Britton's pre-death injuries, and Brown has already recognized that he may not bring such claims because he is not the administrator of Britton's estate. The claims against Waters are dismissed.

15

EMS Care is mentioned several times in the original complaint, including in Counts 3 and 4 (fraud). Brown's allegations are not clear. Apparently, there was some confusion about whether Brown was taken to the hospital by an EMS Care ambulance or a Columbus Fire Department ambulance. The fourth amended complaint repeats these allegations but does not add anything of substance. The allegations do not establish that anyone made a fraudulent misrepresentation with scienter or that someone relied on it, so Counts 3 and 4 against EMS Care are dismissed.

In Count 5, "Apparent Violation of HIPAA," Brown asserts that EMS Care directed him to HM&T billing, that EMS Care refused to provide information about Britton, and that EMS Care caused some confusion with a health insurer. Even if the Health Insurance Portability and Accountability Act did authorize a private right of action, Brown's filings do not explain how EMS Care violated HIPAA and caused an injury to Brown. Accordingly, Count 5 against EMS Care is dismissed. There do not appear to be any other claims against EMS Care, and it is dismissed from this action.

**VI.   Host Medical's Motion to Dismiss (ECF Nos. 67 & 99)**

Brown references "HM&T Billing" in his "Apparent Violation of HIPAA" count. Host Medical and Transportation Billing, LLC asserts that it is the entity Brown references and that Brown's allegations do not give rise to a claim against it. Brown contends that he was directed to HM&T Billing, that it provided Brown with "EMS

16

reports" regarding services that had been provided to him but refused to provide Britton's information.  Compl. at 5.  In the fourth amended complaint, Brown speculates that HM&T appears to be a billing company without proper access to medical records.  4th Am. Compl. ¶ 67.  Even if HIPAA did authorize a private right of action, Brown's filings do not explain how Host Medical violated HIPAA and caused an injury to Brown.  Accordingly, Brown's claims against HM&T are dismissed.

**VII. Claims Against Dr. Evans**

In addition to the other Defendants, Brown names "Dr. Evans" in the original complaint.  Dr. Evans is not mentioned outside the caption of the complaint.  There are no factual allegations at all about Dr. Evans.  Moreover, there is no indication that Dr. Evans was ever served with the complaint in this action.  For these reasons, the claims against Dr. Evans are dismissed.

CONCLUSION

As discussed above, the Court grants the pending motions to dismiss (ECF Nos. 17, 20, 24, 30, 33, 39, 48, 56, 63, 65, 67, 98, 100, 101, 103, 104, 105, 106), and the following Defendants are dismissed from this action: The Medical Center, EMS Care, HM&T Billing, Pop-A-Lock, Regional Rehabilitation Hospital, Adams, Addo Chidi, Blasingame, Carden, Dade, N. Desai, S. Desai, Evans, Hannay, Knepper, S. Kumar, V. Kumar, Logronio, Mahoney, McLendon, Seals, Sizemore, Waters, and Watson.  Brown's motion for leave to serve

17

Lock Busters (ECF No. 83) is moot, as are his motions for an extension of time to obtain medical affidavits (ECF Nos. 93, 111, 112, 113) and his motion for discovery (ECF No. 107).

The only claims that remain pending are Brown's claims against the Columbus Consolidated Government Defendants (Columbus Consolidated Government, Columbus Police Department, Columbus Fire Department, Hooks, Coppins, Guillaume, Blanks, Cole, and Myhand). The discovery stay is now lifted. Within twenty-eight days of today's order, the remaining parties shall submit a joint proposed scheduling order in accordance with the Rules 16/26 Order.

IT IS SO ORDERED, this 16th day of May, 2022.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA