IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MICHAEL B. BROWN,                *

    Plaintiff,               *

vs.                              *
                                       CASE NO. 4:21-CV-162(CDL)
COLUMBUS CONSOLIDATED          *
GOVERNMENT, *et al.*,
                             *

    Defendants.
                                 *

O R D E R

There are seventeen motions pending before the Court. Before the Court can decide any of them, it must address one preliminary matter: Plaintiff filed a notice of appeal (ECF No. 131) regarding the Court's May 16, 2022 order dismissing claims against some but not all of the Defendants. Normally, a notice of appeal would divest the Court of jurisdiction, but "filing a notice of appeal from a nonappealable order" does not. *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979), *superseded by statute on different grounds*, Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473.[1] The Court has not entered judgment as to any Defendants under Federal Rule of Civil Procedure 54(b), and it has not certified the order for interlocutory appeal. Accordingly, the Court finds that

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff's attempt to appeal its nonappealable order does not prevent the Court from ruling on the pending motions.

The present motions fall into three categories: (1) motions related to the Court's order dismissing Plaintiff's claims against several Defendants; (2) motions related to the scheduling order and the appearance of attorney Jack Schley; and (3) motions regarding documents Plaintiff seeks. The Court addresses each issue in turn.

I. **Plaintiff's Motion for Reconsideration and Motion for Joinder (ECF Nos. 122 & 151)**

The Court previously dismissed Plaintiff's claims against the following Defendants for failure to state a claim: The Medical Center, Inc., EMS Care Ambulance, LLC, Host Medical and Transportation Billing, LLC, Pop-A-Lock, Regional Rehabilitation Hospital, Sarah Crane Adams, Regina Addo Chidi, Emily Blasingame, Jessica Carden, Marc Dade, Neil Desai, Shivam Desai, Evans, Richard Hannay, Benjamin Knepper, Sunil Kumar, Virendra Kumar, Charisse Logronio, Meagan Mahoney, Kennon McLendon, Charlette Seals, Devyn Sizemore, Isaac Waters, and Kelly Watson ("Dismissed Defendants"). *See generally* Order (May 16, 2022), ECF No. 114. Plaintiff filed a motion for reconsideration of that order, along with a "Motion for Joinder" seeking to add some Defendants that were previously dismissed. As discussed below, both motions (ECF Nos. 122 & 151) are denied.

The Court did not enter a final judgment before Plaintiff filed his motion, so his motion for reconsideration is under Local Rule 7.6. That rule provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

Plaintiff contends that the Court was wrong to dismiss some of the claims for failure to assert factual allegations that would establish a claim, although he did not clearly articulate which ones. Plaintiff argues that there were some discrepancies in the hospital's paperwork compared to the police department's paperwork, and he asserts that these discrepancies are evidence of fraud and are somehow related to Britton's injuries. But he still did not allege that anyone made a fraudulent misrepresentation with scienter or that someone relied on it, and he did not explain why his allegations regarding the discrepancies state a claim for relief. Accordingly, these claims stand dismissed without prejudice.

Plaintiff's other argument in his present motions seems to be that the Court should not have dismissed the claims premised

3

suggests that the October 2020 injection of Ketamine was contraindicated for Britton and might have had lingering effects that contributed to Britton's death in April 2021. Liberally construing the proposed allegations in the motion for joinder, Plaintiff seems to be alleging that any medical professional who used or authorized the use of Ketamine on Britton committed medical malpractice that contributed to Britton's death. Based on the Court's review, it appears that the medical professionals Plaintiff seeks to assert these claims against are private actors, not state actors, so these are state law medical malpractice claims over which Plaintiff wishes the Court to exercise supplemental jurisdiction.

Georgia law requires an expert affidavit to be filed with complaints in actions alleging professional malpractice. O.C.G.A. § 9-11-9.1. Plaintiff has known about the affidavit requirement for months, having filed five motions for a two-week extension of time to obtain affidavits. The Court terminated four of those motions as moot in its May order because it dismissed all the claims against the medical professionals for failure to allege sufficient facts to support a claim against them. Shortly after the Court entered that order, Plaintiff filed a fifth motion for a two-week extension of time to file a medical affidavit. That was in May. Plaintiff has been no stranger to filing documents with the Court, but he still has

5

not filed an affidavit to support any medical malpractice claims. Plaintiff's May 2022 motion for a two-week extension of time to file medical affidavit (ECF No. 115) is terminated as moot. In his July 1, 2022 motion for joinder, Plaintiff acknowledged that he still had not obtained a medical affidavit from any expert. Because Plaintiff failed to file an affidavit of an expert that sets forth at least one negligent act or omission against each Defendant against whom Plaintiff wants to assert a medical malpractice claim, Plaintiff's motion to join these claims is denied.

## II.  Motions for Entry of Final Judgment

The Dismissed Defendants filed motions for entry of final judgment under Federal Rule of Civil Procedure Rule 54(b). Rule 54(b) permits the Court to direct entry of a final judgment "as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) certifications are reserved for "unusual" cases where "the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965

(9th Cir. 1981) (Kennedy, J.)).  Such circumstances occur "rarely." *Id.*

According to the Eleventh Circuit, "limitation of piecemeal appeals" is "an essential purpose served by postponing final disposition." *Id.*  So, unless the case is "exceptional" or there would be "any unusual hardship" in requiring the parties to "await the disposition of the entire case before obtaining appellate review," a Rule 54(b) certification should not be granted.  *Id.* at 168.  At this point, all the Court has decided is that the unwieldy multi-document "complaint" Plaintiff filed did not contain sufficient factual matter to state a claim to relief that is plausible on its face against the Dismissed Defendants.  The Court does not find that this is an exceptional case involving unusual hardship to the Dismissed Defendants associated with awaiting disposition of the entire case.  Accordingly, the Court denies the motions for Rule 54(b) certification (ECF Nos. 118, 120, 124, 125, 126).

### III. Motions Related to the Scheduling Order and the Appearance of Attorney Jack Schley

On June 1, 2022, attorney Jack P. Schley entered an appearance on behalf of the Columbus Consolidated Government entities and employees. Notice of Attorney Appearance (June 1, 2022), ECF No. 121.  Schley's notice complies with Local Rule 83.1.3 because it was filed before he appeared as an attorney in

this action and states the style and case number of this action, the identity of the parties for whom the appearance is made, and Schley's name, current office address, and telephone number. Schley, however, did not serve the notice on Plaintiff by mail or other means as required by the rules. Instead, the certificate of service states that Schley filed the notice on CM/ECF only, Notice of Attorney Appearance 2, which would not have resulted in service on Plaintiff because he is not a CM/ECF participant. The Clerk did not issue a notice of deficiency regarding this mistake.

The same day, Schley forwarded a proposed scheduling and discovery order to the Court. Schley informed the Court that counsel for Defendants had attempted to contact Plaintiff by telephone and mail but were unable to reach him to confer on the joint proposed scheduling order. Schley did *not* represent that Plaintiff had agreed to the proposed scheduling order. For some reason, the signature area for Plaintiff contained "/s/ Michael B. Brown," though it was highlighted to indicate that Plaintiff had not actually signed it.[2] Based on Schley's multiple representations that Defendant had not participated in or agreed to the scheduling order, the Court understood when it entered the proposed scheduling order that Plaintiff had not

---

[2] A better practice would have been to leave the signature line blank, but in this case it was abundantly clear that Plaintiff had not actually signed or agreed to the proposed scheduling order.

8

participated in drafting it and had not agreed to it. The proposed scheduling order followed the requirements and suggested deadlines set forth in the Court's Rules 16/26 Order, so the Court adopted it and made it an order of the Court.

Plaintiff filed several motions related to the scheduling order and Schley's participation in it. First, Plaintiff wants Schley removed as counsel for Defendants in this action. Plaintiff accuses Schley of fraudulently representing that Plaintiff had agreed to the scheduling order, and he asks that Schley be removed from this action. Again, Schley did not misrepresent that Plaintiff had agreed to the proposed scheduling order. To the contrary, Schley told the Court that he and his colleagues had not been able to reach Plaintiff and that Plaintiff had *not* agreed to the proposed scheduling order. The Court finds no legal basis for removing Schley as counsel. Accordingly, the following motions are denied: Plaintiff's Motion to Remove Schley (ECF No. 130) and Plaintiff's Motion to Disqualify Schley (ECF No. 156).

Plaintiff also filed a motion for an extension of time to file his own proposed Scheduling/Discovery Order (ECF No. 128). That motion is now moot given that Plaintiff later filed a motion to amend certain deadlines in the Scheduling/Discovery Order to match his proposed scheduling order, plus redundant motions seeking extensions of specific deadlines. Plaintiff's

motion to amend the Scheduling/Discovery Order (ECF No. 142) and his motion for extension of initial disclosure deadline (ECF No. 147) are granted to the extent that the deadline for serving initial disclosures is extended to **August 12, 2022**. Plaintiff's motion to amend the Scheduling/Discovery Order (ECF No. 142) is otherwise denied because Plaintiff did not follow the Rules 16/26 Order's requirement to state why a discovery period of more than six months is necessary or provide a specific proposed dispositive motion deadline. And, given Plaintiff's attempt to reassert dismissed claims via joinder, the Court finds that Plaintiff should not be granted an extension of the deadline to amend pleadings or join parties without leave of the Court. If Plaintiff seeks to amend the pleadings, he must first seek and be granted leave of the Court by filing a proper motion.

The Court will not entertain any future motions for extension of the deadlines set in the Scheduling/Discovery Order unless the parties (1) establish good cause for the extension and (2) certify that they have conferred in good faith regarding the extension.

**IV. Motions Regarding Documents**

Plaintiff filed a motion to quash a subpoena related to Britton's medical records. The motion (ECF No. 138) is denied. First, Plaintiff objects to the subpoena because it was issued by Schley or one of his colleagues, Tyler Cashbaugh, and

10

Plaintiff argues that they should be removed from this action. As discussed above, there is no basis for removing Schley from serving as Defendants' attorney in this action, and Plaintiff presented no reason why Cashbaugh should be removed. Second, Plaintiff objects to the subpoena because he did not authorize the release of Britton's medical records and because he has already provided some records to Defendants. By filing this action alleging that Defendants' actions resulted in Britton's death, Plaintiff put Britton's medical history in issue, and Defendants shall not be prohibited from seeking the records directly from the medical providers by subpoena. Moreover, Plaintiff represents that he has been unable to obtain some records from the hospital, and Defendants' subpoena may resolve this issue. Defendants shall produce to Plaintiff copies of any documents they receive in response to the subpoena. If the parties find that a protective order is necessary to protect Britton's personal health information, they shall confer in good faith to develop such an order and then file a consent motion for entry of such an order, along with a proposed order.

Plaintiff also filed a motion for a copy of certain documents on the docket (ECF No. 154). The Court previously granted a similar motion and instructed Plaintiff to contact the Clerk's office to discuss available methods of production and any applicable fees. Text Order (June 29, 2022), ECF No. 148.

Plaintiff's motion does not establish that he contacted the Clerk's office. After Plaintiff filed the present motion for documents, the Clerk sent him a letter explaining how to obtain documents. Letter from E. Long to M. Brown (July 7, 2022), ECF No. 157. If Plaintiff wants the documents, he should follow the instructions from the Clerk's office. His present motion for the documents (ECF No. 154) is denied.

Finally, Plaintiff filed a motion for "Receipt of Notices" (ECF No. 155). He wants the Defendants to send him "Notice of Appear or alleged items supporting notice of appearance that have been filed electronically without sending by U.S. mail to Plaintiff pursuant to Rules 5, 83.1.3." The Court checked the certificates of service associated with the documents Plaintiff seeks. Many are documents that Plaintiff filed, so he should not need someone else to send them to him (ECF Nos. 84, 93, 97, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 122, 127, 128, 130, 130, 131). Three of the requested documents (ECF No. 76) do not contain certificates of service indicating that they were served on Plaintiff: ECF No. 76 (filed by attorney Pythias Temesgen), ECF No. 100 (filed by attorney Pythias Temesgen), and ECF No. 121 (filed by attorney Jack Schley). Within seven days of today's Order, Temesgen and Schley shall properly serve these documents on Plaintiff at his current address of record.

The rest of the certificates of service state that Plaintiff was served via U.S. Mail at a P.O. Box that Plaintiff used on his Complaint, which was his address of record until approximately June 13, 2022.  Plaintiff offered no reason why he should be served with these items again.  Based on the Court's review, the only document requested in Plaintiff's present motion that was filed after June 13, 2022 and sent to the old address is a response to Plaintiff's motion for reconsideration filed by attorney Sandro Stojanovic (ECF No. 129).  Counsel shall serve that document on Plaintiff within seven days of the date of this Order.  In the future, counsel should note Plaintiff's new address of record.

CONCLUSION

In summary, the Court makes the following rulings:

- Plaintiff's motion for extension of time to file medical affidavit (ECF No. 115) is terminated as moot.

- HM&T's Motion for entry of judgment (ECF No. 118) is denied.

- Pop-A-Lock's motion for entry of judgment (ECF No. 120) is denied.

- Plaintiff's motion for reconsideration (ECF No. 122) is denied.

- Regional Rehabilitation Hospital's motion for entry of judgment (ECF No. 124) is denied.

- The Piedmont Hospital Defendants' motion for entry of judgment (ECF No. 125) is denied.

- The EMS Care Defendants' motion for entry of judgment (ECF No. 126) is denied.

- Plaintiff's Motion for extension of time to file proposed scheduling order (ECF No. 128) is terminated as moot.

- Plaintiff's motion for removal of Schley (ECF No. 130) is denied.

- Plaintiff's motion to quash subpoena (ECF No. 138) is denied.

- Plaintiff's motion to amend the scheduling order (ECF No. 142) is granted to the extent that the initial disclosure deadline is extended to **August 12, 2022** but otherwise denied.

- Plaintiff's motion for extension of time to file initial disclosures (ECF No. 147) is granted to the extent that the initial disclosure deadline is extended to **August 12, 2022**.

- Plaintiff's motion for leave to file joinder out-of-time (ECF No. 150) is terminated as moot.

- Plaintiff's motion for joinder (ECF No. 151) is denied.

- Plaintiff-s motion for electronic version of documents (ECF No. 154) is denied.

- Plaintiff's motion for receipt of notices (ECF No. 155) is granted to the extent set forth in this Order.

- Plaintiff's motion to disqualify Schley (ECF No. 156) is denied.

IT IS SO ORDERED, this 13th day of July, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA