```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

MICHAEL B. BROWN,               *

    Plaintiff,                 *

vs.                             *
                                 CASE NO. 4:21-cv-162 (CDL)

COLUMBUS CONSOLIDATED          *
GOVERNMENT, *et al.*,
                           *

    Defendants.
                            *

## O R D E R

Presently pending before the Court is Plaintiff's motion for reconsideration of two rulings set forth in the Court's July 13, 2022 Order. As discussed below, the motion (ECF No. 160) is denied.

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

First, Plaintiff contends that the Court erred when it declined to sanction attorney Jack Schley and his firm over issues with the proposed scheduling order. Plaintiff argues that Schley attempted to commit fraud on the Court by submitting

a proposed scheduling order that contained a highlighted "/s/ Michael B. Brown" in the signature block for Plaintiff even though Plaintiff had not agreed to the scheduling order. But Schley made it abundantly clear that Plaintiff had not participated in the drafting of the proposed scheduling order and had not agreed to it. Thus, the highlighted "signature" did not amount to fraud on the Court—the Court did not rely on that "signature" in deciding whether to enter the scheduling order. As the Court made clear in its July 13 Order, the Court understood when it entered the scheduling order that Plaintiff had not agreed to it. Order 8-9 (July 13, 2022), ECF No. 158. The Court nonetheless adopted the proposed scheduling order because it followed the requirements and suggested guidelines set forth in the Rules 16/26 Order. The motion to reconsider on this ground is denied.

Second, Plaintiff wants the Court to reconsider its decision to deny his motion for joinder. Plaintiff appears to be under the mistaken impression that the Court denied his motion as out of time. It did not. The Court considered the motion on the merits, along with the related motion for reconsideration. Both motions sought to re-add the private actor medical Defendants who had been dismissed in the Court's May 16, 2022 Order (ECF No. 114). The Court denied the motion for reconsideration and the motion for joinder because (a)

2

Plaintiff cannot pursue claims based on Clara Britton's pre-death injuries since he is not the administrator of her estate, and (b) Plaintiff's medical malpractice/wrongful death claim based on the private medical professionals' alleged use of Ketamine on Britton cannot be joined at this time because Plaintiff failed to file an affidavit of an expert that sets forth at least one negligent act or omission for each Defendant against whom Plaintiff wants to assert a medical malpractice claim.  Order 5-6 (July 13, 2022), ECF No. 158.  Thus, even if Plaintiff had been entitled to re-add the previously dismissed private medical professional Defendants via joinder without leave of the Court, the claims against them are still due to be dismissed.

For all these reasons, Plaintiff's present motion for reconsideration (ECF No. 160) is denied.

IT IS SO ORDERED, this 9th day of August, 2022.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
