IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MICHAEL B. BROWN, *

Plaintiff, *

vs. *

COLUMBUS CONSOLIDATED GOVERNMENT, *et al.*, *

Defendants. *

CASE NO. 4:21-CV-162 (CDL)

O R D E R

Pro se plaintiff Michael Brown filed this action asserting twenty counts against nearly three dozen defendants. He filed a complaint, plus at least six amended complaints/addenda to the complaints (ECF Nos. 1, 2, 8, 21, 77, 77-1, 78). The Court carefully reviewed these unorganized and confusing filings, which alleged that Brown was injured in a bicycle accident on October 15, 2020 and received medical treatment, that his elderly mother was forcibly removed from her home around the same time and was sent to a hospital, and that his mother later died in April 2021. Most of the Defendants filed motions to dismiss for failure to state a claim. The Court granted those motions and dismissed those Defendants ("Dismissed Defendants"). Order (May 16, 2022), ECF No. 114 ("May 16, 2022 Order"). The only claims that remained pending were those against the Defendants who did not file motions to dismiss: Columbus Consolidated Government ("CCG"), Columbus

Police Department, Columbus Fire Department, Officer Robert Hooks, Officer Kertavious Coppins, Officer Aaron Guillaume, Officer Rachel Blanks, Officer Seth Cole, and Kimberley Myhand ("CCG Defendants"). The CCG Defendants filed a motion for partial judgment on the pleadings (ECF No. 167).[1] As discussed below, that motion is granted.

After the Court dismissed Brown's claims against the Dismissed Defendants, Brown filed a new action, 4:22-cv-158. Based on the Court's review of the complaint in that action, Brown's claims arise out of the same facts as those in this action, though he purports to raise new claims against certain Defendants who had been dismissed from this action. Order to Consolidate (Oct. 20, 2022), ECF No. 168. Without making any determination about the sufficiency of the allegations in the new action, the Court consolidated the two actions under Federal Rule of Civil Procedure 42, and most of the Dismissed Defendants were reinstated as defendants in the consolidated action. Some Dismissed Defendants sought clarification of the consolidation order, noting that Brown still had not made any clear factual allegations against them that would state a claim for relief. Mots. For Clarification (ECF Nos. 170 & 171). Other Dismissed Defendants filed motions to dismiss the most recent complaint for failure to state a claim and as an

[1] The CCG Defendants also filed a summary judgment motion (ECF No. 196), which is not yet ripe.

impermissible shotgun pleading. Mots. To Dismiss (ECF Nos. 174, 179, 180, 181, 182, 183, 186, 187). Brown responded with a motion for leave to file yet another amended complaint (ECF No. 192). Around the same time, Brown filed an action in the Superior Court of Muscogee County based on the same facts. That action was removed to this Court (4:22-cv-189), and the Court consolidated it with the other two under Federal Rule of Civil Procedure 42. Order to Consolidate (Dec. 15, 2022), ECF No. 205. As discussed below, the Court strikes the two new complaints as impermissible shotgun pleadings and finds that Brown's motion for leave to file a seventh amended complaint must be denied. Brown's motion to amend the scheduling order to permit discovery of the Dismissed Defendants (ECF No. 185) is terminated.

DISCUSSION

**I. CCG Defendants' Motion for Judgment on the Pleadings**

The Court previously concluded that a "careful review of the original complaint allows the reader to conclude that Brown is asserting claims against CCG and specified police officers based on injuries suffered by" his mother. May 16, 2022 Order at 3. Brown alleges that specified officers went to his mother's house for a welfare check, that they forcibly removed his mother from her home, and that his mother was injured and later died of the injuries she sustained during the forcible removal. The Court

concluded that these allegations arguably give rise to Fourth Amendment claims under 42 U.S.C. § 1983. May 16, 2022 Order at 3.

The CCG Defendants now seek partial judgment on the pleadings. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). In evaluating a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* But if it is clear from the pleadings that the non-moving party "would not be entitled to relief" on a claim based on that party's factual allegations, then that claim should be dismissed. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus, the nonmoving party's pleadings must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556.

The CCG Defendants correctly point out that the Columbus Police Department and Columbus Fire Department are both departments of CCG and are not separate legal entities capable of being sued. *See Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (per curiam) (noting that a city department, such as a police department, is not a separate legal entity capable of being sued under Georgia law). Accordingly, Brown's claims against the Columbus Police Department and the Columbus Fire Department are dismissed.

The CCG Defendants also seek to dismiss all claims against CCG, including Brown's official capacity claims against Hooks, Coppins, Guillaume, Blanks, Cole, and Myhand, which are treated as claims against CCG. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting that official capacity suits are treated as an action against the entity of which an officer is an agent). A local government entity "can be found liable under § 1983 only where the [local government entity] itself causes the constitutional violation at issue." *Baxter v. Roberts*, 54 F.4th 1241 (11th Cir. 2022), 2022 WL 17332720 at * 18. Thus, "only when

a 'policy or custom' of the [local government entity] inflicts the injury does § 1983 liability exist." *Id.* (quoting *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1116 (11th Cir. 2005)). A plaintiff can establish a local government's policy or custom in several ways, including by: "(1) pointing to an official policy; (2) identifying 'a widespread practice that, although not authorized by written or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'; or (3) demonstrating that the municipality 'tacitly authorize[d]' or 'displaye[d] deliberate indifference towards' the 'constitutionally offensive actions of its employees.'" *Id.* (alterations in original) (quoting *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001).

Here, Brown does not allege any facts to suggest that a CCG policy or custom was the moving force behind any constitutional violation. In his response to the CCG Defendants' motion for judgment on the pleadings, Brown asserts that CCG had a "policy" of "[c]ompelled speech of an utterance." Pl.'s Resp. to Defs.' Mot. for J. on Pleadings ¶¶ 21-22, ECF No. 169. Apparently, Brown believes that an officer compelled his mother to "utter speech" in her home, and he thinks that is "representative of government policy." *Id.* ¶ 22. But his claim in this action is that officers violated the Fourth Amendment when they removed his mother from her home. Brown did not argue or allege facts to suggest that any

Fourth Amendment violation by the officers was pursuant to a CCG policy or custom. Brown's § 1983 claim against CCG is therefore dismissed.

CCG also seeks dismissal of any state law claims Brown asserted against it. To the extent that Brown did assert any state law claims against CCG, CCG is entitled to sovereign immunity. The Georgia Constitution extends sovereign immunity "to the state and all of its departments and agencies." Ga. Const. art. I, § 2, ¶ IX(e). This sovereign immunity also covers counties. *Gilbert v. Richardson*, 452 S.E.2d 476, 484 (Ga. 1994). Under Georgia law, the tort liability of CCG, a consolidation of the former governments of Muscogee County and the City of Columbus, is the same as tort liability applicable to counties. *Bowen v. Columbus*, 349 S.E.2d 740, 741-42 (Ga. 1986) (upholding the amendment to the Columbus charter stating that tort liability "of the consolidated government shall be the tort liability applicable to counties). Brown did not allege any facts to suggest that CCG waived sovereign immunity for claims like the ones he asserts here. Accordingly, sovereign immunity bars any state law claims Brown asserts against CCG, and those claims are dismissed.

## II. Dismissed Defendants' Motions to Dismiss and Brown's Motion for Leave to Amend

The Court previously dismissed Plaintiffs' claims against the Dismissed Defendants, which were alleged in a series of documents

(ECF Nos. 1, 2, 8, 21, 77, 77-1, 78). Plaintiffs' two new complaints, which the Court refers to as the Fifth Amended Complaint (ECF No. 184) and the Sixth Amended Complaint (ECF No. 206-1), are the operative complaints against the Dismissed Defendants. As the Dismissed Defendants point out, these complaints, like their predecessors, are woefully inadequate and do not comply with the Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). Under Rule 10(b), a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity, each claim founded on a separate transaction or occurrence [should] be stated in a separate count." *Id.* A complaint that violates either of these rules may be dismissed as a shotgun pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Here, Plaintiffs' new complaints do not comply with either of these rules. They are a mess.

Both of Brown's new complaints contain a caption with a list of Defendants, then set out a list of statutes and regulations under which Brown contends this action arises. 5th Am. Compl. ¶¶ 1-6, ECF No. 184; 6th Am. Compl. ¶¶ 1-18, ECF No. 206-1. The complaints continue with a brief description of the parties. 5th

Am. Compl. ¶¶ 9-39; 6th Am. Compl. ¶¶ 23-53. In one complaint, Brown makes a few factual allegations about his medical treatment on October 15, 2020, as well as an allegation that Columbus police officers went to his mother's house on two occasions. 6th Am. Compl. ¶¶ 55-61. There are no additional facts and no list of claims tied to the facts. In the other complaint, Brown repeats the allegations about his medical treatment on October 15, 2020 and alleges that two Columbus police officers went to his mother's house, tackled his mother, and injected her with ketamine. 5th Am. Compl. ¶¶ 41-51. Brown also appears to assert that although unnamed medical professionals ran many tests on Brown's mother to determine the cause of her symptoms, several medical Defendants did not diagnose his mother with ketamine abuse or treat her for it. 5th Am. Compl. ¶¶ 51-53. There are no additional facts about what each Defendant did or how each Defendant was negligent, and there is no list of claims tied to the facts. Brown attached dozens of pages of exhibits to both new complaints, but he did not clearly explain how they relate to any particular cause of action.

Both new complaints are impermissible shotgun pleadings because they assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*,

792 F.3d 1313, 1323 (11th Cir. 2015)). They are also impermissible shotgun pleadings because they do "not separate 'each cause of action or claim for relief' into a different count." *Id.* (quoting *Weiland*, 792 F.3d at 1323). And the voluminous exhibits are "not obviously connected to any particular cause of action." *Id.* (quoting *Weiland*, 792 F.3d at 1322). For all these reasons, the Court STRIKES the Fifth Amended Complaint (ECF No. 184) and the Sixth Amended Complaint (ECF No. 206-1) as impermissible shotgun pleadings.

Faced with another round of motions to dismiss his inadequate complaints, Brown again requested leave to amend to cure the deficiencies, correctly pointing out that a court must give a plaintiff at least one opportunity to amend his claims before dismissing them. *See, e.g.*, *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (stating that a district court dismissing a shotgun complaint for noncompliance with Rule 8(a) must give the plaintiff a chance to cure the deficiencies). But Brown has had several chances to fix his complaint, and he squandered them all. After Brown filed his original complaint and the first two amendments, several Defendants filed motions to dismiss on shotgun pleading grounds. Brown therefore sought leave to file his Fourth Amended Complaint, and the Court granted his motion. In granting Brown leave to amend, the Court explained the rules to Brown and explicitly stated what Brown needed to do to

comply with the rules. *See* Order (Jan. 26, 2022), ECF No. 66 (granting Brown leave to file a fourth amended complaint, noting that the amended complaint "should clearly and succinctly set forth the factual basis for his claims—including what happened, when it happened, where it happened, and which specific defendants did which acts"). The Court warned Brown that he must comply with the rules for pleading claims in a civil action or his complaint would be dismissed. Brown's Fourth Amended Complaint did not cure the deficiencies. In its order dismissing the claims against the Dismissed Defendants, the Court noted that Brown's "complaint" spanned seven separate documents, that his filings were difficult to understand, that it wasn't clear what claims he was asserting against the Dismissed Defendants, that there were no clear factual allegations supporting claims against the Dismissed Defendants, and that for all those reasons his claims against the Dismissed Defendants were dismissed.

Brown then tried to take two more bites at the apple by filing the Fifth Amended Complaint and the Sixth Amended Complaint, which, as discussed above, still do not clearly lay out (1) what causes of action he asserts against each defendant, (2) which factual allegations form the basis of each claim against each defendant, and (3) the legal theory upon which he asserts liability against each defendant. There is little to alert the Defendants to what Brown says happened, when it happened, where it happened, and which

specific defendants did which acts. Brown's present motion for leave to file a seventh amended complaint does nothing to elucidate his claims or suggest that another opportunity to amend the complaint will result in a pleading that finally complies with the rules. Rather, it is another rambling document, which actually argues that each separate complaint is already "Reasonably Concise Alleging Concrete Actions and Omissions Undertaken by Specific Defendants" and that the amendment is only necessary to consolidate the pleadings and provide some clarity. Mot. for Leave to Amend 3, ECF No. 192. Again, nothing about Brown's pleadings is concise or specific. Brown has had several opportunities to file a complaint that complies with the applicable rules, but he has failed multiple times. Enough is enough. The latest motion for leave to amend (ECF No. 192) is denied.

CONCLUSION

For the reasons set forth above, the Court grants CCG's motion for judgment on the pleadings (ECF No. 167). The Court dismisses Brown's claims against the Columbus Police Department and the Columbus Fire Department. The Court also dismisses Brown's claims against CCG, including the official capacity claims against the individual CCG Defendants. The only claims remaining against the CCG Defendants are the individual capacity claims against Hooks, Coppins, Guillaume, Blanks, Cole, and Myhand.

The Court also strikes the Fifth and Sixth Amended Complaints (ECF Nos. 184 and 206-1). Defendants' motions to dismiss and motions for clarification regarding the Fifth and Sixth Amended Complaints (ECF Nos. 170, 171, 174, 179, 180, 181, 182, 183, 186, 187) are terminated. Brown's motion for leave to amend (ECF No. 192) is denied. Brown's motion to amend the scheduling order to permit discovery of the Dismissed Defendants (ECF No. 185) is terminated.

The only claims remaining in this action are the individual capacity claims against Hooks, Coppins, Guillaume, Blanks, Cole, and Myhand. All other Defendants are dismissed.

IT IS SO ORDERED, this 23rd day of December, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA