```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                  COLUMBUS DIVISION

MICHAEL B. BROWN,                  *

      Plaintiff,                   *

vs.                                *
                                        CASE NO. 4:21-CV-162 (CDL)
COLUMBUS POLICE DEPARTMENT, et     *
al.,
                                   *
      Defendants.
                                   *
```

O R D E R

Presently pending before the Court are Michael Brown's "motion for statement of decision" (ECF Nos. 233, 236) and his "motion for reconsideration" (ECF No. 237). As discussed below, the motions are denied.

DISCUSSION

**I.   Brown's Motion for Reconsideration (ECF No. 237)**

The Court's most recent order, issued on May 10, 2023, ruled on the summary judgment motion filed by the individual Columbus Consolidated Government Defendants. *See generally Brown v. Hooks*, No. 4:21-CV-162 (CDL), 2023 WL 3365163, at *7 (M.D. Ga. May 10, 2023). All of Brown's other claims, including the claims based on the use of ketamine on his mother, had been dismissed in prior orders, though judgment was not entered until after the Court issued its May 10, 2023 order. The Court thus construes Brown's present motion for reconsideration (ECF No. 237) as a motion to

alter the judgment under Federal Rule of Civil Procedure 59(e). *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) (construing a post-judgment motion for reconsideration as a Rule 59 motion to alter or amend the judgment). The motion is denied.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)). Importantly, such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)); *accord Mays*, 122 F.3d at 46 ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

Brown asserts that the Court, in granting qualified immunity to the Defendant Columbus police officers, did not properly apply Federal Rule of Civil Procedure 56—apparently because the Court did not scour his prior filings to find evidence to support Brown's arguments. Under Rule 56(c)(1), a party must support his factual positions by "citing to particular parts of materials in the

2

record." Fed. R. Civ. P. 56(c)(1). So, although Brown did not have to re-file any evidence that was already in the record, he was required to tell the Court where it could find his evidence. The Court did consider the evidence for which Brown provided a citation that was specific enough to allow the Court to find it. Brown's motion to alter judgment does not state what evidence Brown specifically cited in his summary judgment response that the Court did not consider but would have created a genuine fact dispute. Brown's motion to alter judgment on this ground is denied.

Brown also argues that the Court did not properly consider the evidence in the light most favorable to him. He contends that the police officers and EMS Team should have taken his mother's statement that she was "surviving" as irrefutable evidence that his mother did not need any intervention. But, Brown did not point to any *evidence* to refute Defendants' evidence that officers found his elderly, bedridden mother sitting in her own waste, without any edible food or water in sight, incoherent and unable to respond to the EMS Team's questions. And, he did not point to any authority clearly establishing that officers responding to calls for welfare checks of his mother would violate the Fourth Amendment if they (1) entered her home to check on her, (2) directed the EMS Team to determine whether Brown's mother needed medical attention, or (3) permitted the EMS Team to remove Brown's mother from her home under

the circumstances they encountered. Brown's motion to alter the judgment on this ground is denied.

Brown's other main enumeration of error is that the Court, in its order on the Columbus police officers' summary judgment motion, did not address any claims against Defendants that had already been dismissed. That is because those issues were decided in prior orders, which are discussed briefly below.

## II.  Brown's Motion for Statement of Decision (ECF Nos. 233 & 236)

Brown wants the Court to provide additional explanations for its decisions to dismiss most of his claims and grant summary judgment against him on the rest. The motion is denied because the Court explained the basis for all its rulings in its previous orders. For the sake of clarity given the number of filings in this case, the Court summarizes its prior rulings:

1. The Court dismissed Brown's claims against all the Defendants except the Columbus Consolidated Government Defendants because his confusing "complaint," which was vague and unorganized and spanned multiple documents, failed to assert specific factual allegations that would support a claim against those Defendants. Order, May 16, 2022, ECF No. 114; *Brown v. Columbus Police Dep't*, No. 4:21-CV-162 (CDL), 2022 WL 1546714, (M.D. Ga. May 16, 2022). Brown's multi-document complaint against the non-CCG Defendants was also an impermissible shotgun pleading, and although the Court gave Brown opportunities to amend and cure the deficiencies, he never presented the Court with a complaint that complied with the Federal Rules of Civil Procedure.

2. The Court denied Brown's motions for reconsideration of the May 16, 2022 dismissal order because he did not establish a valid basis for reconsideration. Order, July 13, 2022, ECF No. 158; *Brown v. Columbus Consol. Gov't*, No. 4:21-CV-162(CDL), 2022 WL 2716529 (M.D. Ga. July 13, 2022); *see also* Order, Aug. 9, 2022,

4

ECF No. 161; *Brown v. Columbus Consol. Gov't*, No. 4:21-CV-162 (CDL), 2022 WL 3219941 (M.D. Ga. Aug. 9, 2022).[1]

3. When Brown filed a new action asserting claims against the same Defendants arising out of the facts that gave rise to this action, the Court consolidated it into this action. Order, Oct. 20, 2022, ECF No. 168. The Court considered the new complaint (ECF No. 184) to be the fifth amended complaint.

4. When Brown filed another new action asserting claims against the same Defendants arising out of the facts that gave rise to this action, the Court consolidated that action into this one. Order, Dec. 15, 2022, ECF No. 205. The Court considered the new complaint (ECF No. 206-1) to be the sixth amended complaint.

5. The Court granted judgment on the pleadings to the Columbus Police Department and Columbus Fire Department because they are departments of the Columbus Consolidated Government, not separate legal entities capable of being sued. Order, Dec. 23, 2022, ECF No. 217; *Brown v. Columbus Consol. Gov't*, No. 4:21-CV-162 (CDL), 2022 WL 17905522, at *2 (M.D. Ga. Dec. 23, 2022).

6. The Court granted judgment on the pleadings to the Columbus Consolidated Government on Brown's claims under 42 U.S.C. § 1983 because Brown did not allege facts to suggest that a CCG policy or custom was the moving force behind any constitutional violation. The Court granted judgment on the pleadings to CCG on any state law claims because CCG is entitled to sovereign immunity. Order, Dec. 23, 2022, ECF No. 217; *Brown v. Columbus Consol. Gov't*, No. 4:21-CV-162 (CDL), 2022 WL 17905522, at *2-*3 (M.D. Ga. Dec. 23, 2022).

7. The Court granted the motions to dismiss the fifth and sixth amended complaints as improper shotgun pleadings, and it denied Brown's motion for leave to amend his complaint again. Order, Dec. 23, 2022, ECF No. 217; *Brown v. Columbus Consol. Gov't*, No. 4:21-CV-162 (CDL), 2022 WL 17905522, at *3-*4 (M.D. Ga. Dec.

---

[1] In those orders, the Court ruled that Brown could not reassert claims based on the use of Ketamine to treat his mother because those claims were based on his mother's pre-death injuries, and Brown was not the administrator of his mother's estate. As an alternative ground for its ruling, the Court erroneously stated that Brown was required to submit an affidavit regarding medical malpractice under O.C.G.A. § 9-11-9.1. The Court later explained that this portion of its ruling was in error; when Brown filed a new action that was consolidated into this one, the Court emphasized that the claims against the previously dismissed Defendants were not barred by any previous dismissal based on the affidavit rule. Order, Oct. 20, 2022, ECF No. 168.

23, 2022).  As a result, the only claims remaining in this action were the claims against the individual CCG employee Defendants.

8. The Court granted summary judgment to the individual CCG employee Defendants because several of them were not involved in the events that gave rise to this action and those who were involved in the events giving rise to this action are entitled to qualified immunity.  Order, May 10, 2023, ECF No. 227; *Brown v. Hooks*, No. 4:21-CV-162 (CDL), 2023 WL 3365163 (M.D. Ga. May 10, 2023).

9. The Court denied Brown's "motion for sanctions" because it was an untimely motion to compel discovery responses.  Order, May 10, 2023, ECF No. 227; *Brown v. Hooks*, No. 4:21-CV-162 (CDL), 2023 WL 3365163 (M.D. Ga. May 10, 2023).

CONCLUSION

As discussed above, Brown provided no basis for the Court to alter or amend the judgment.  His vague and confusing shotgun complaints failed to state a claim against most of the Defendants.  Brown had multiple opportunities to fix the shortcomings in his pleadings so that they would state a claim, but he failed to do so.  Brown's claims against the CCG Defendants failed because those Defendants were entitled to judgment on the pleadings and summary judgment.  Brown did not establish that the Court erred in any of these rulings.

IT IS SO ORDERED, this 9th day of June, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
